# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA
# CIVIL DIVISION

| | |
|---|---|
| RONALD BALL<br>10 Sterling Circle<br>Dover, DE 19901<br><br>       Plaintiff,<br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, d/b/a AMTRAK<br>60 Massachusetts Avenue, NE<br>Washington, DC 20002<br><br>       Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO. _____<br>:<br>:<br>:<br>:<br>:<br>:  <u>JURY TRIAL DEMANDED</u> |

## COMPLAINT

COMES NOW the plaintiff, RONALD BALL, by and through the undersigned counsel, complains of the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), and alleges:

1. Plaintiff, RONALD BALL, is an adult individual residing in Dover, Delaware.

2. Defendant, AMTRAK is and was at all times material hereto a corporation duly organized and existing under by virtue of law and was engaged in owning and operating railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in through

1

and between various and several states of the United States, doing business in and with a principal place of business in the District of Colombia.

3. At all times material hereto, and for sometime prior thereto, Plaintiff was in the employ of Defendant as an Electrician in furtherance of the carrier's business of interstate commerce and transportation by railroad.

4. This action is brought against Defendant pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. ("FELA").

5. Plaintiff brings this Complaint under 28 U.S.C. § 1331, Federal Question Jurisdiction, as this Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, as well as under 28 U.S.C. § 1332, Diversity Jurisdiction, as the amount in controversy exceeds $75,000 and as the parties are citizens of different states.

6. At all times material hereto, the Defendant owned, controlled and/or maintained a railroad facility, and/or other property, known as the Wilmington Shop at or near Wilmington, DE.

7. On or about November 14, 2014, while performing his job duties as an Electrician for the Defendant, Plaintiff was sitting upon an unsecured metal stool while in the process of training on crane equipment in order to become a qualified crane operator for the Defendant, when he was caused to sustain significant personal injuries as more fully set forth herein.

8. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of Defendant, by and through its agents, servants and/or employees and/or ostensible agents, servants and/or employees in the following respects which include, but not limited to:

a. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the subject Crane, premises and/or railroad facility, in a reasonable safe condition;

b. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with a reasonably safe means with which to train to become a crane operator;

c. failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition, including but not limited to, inadequate and/or improper seating within the crane at issue;

d. failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by providing plaintiff with improper training;

e.    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with a proper location in which to locate himself within the crane while receiving the aforesaid training;

f.    failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, including but not limited to the dangerous and/or hazardous condition of the subject crane, at issue;

g.    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject crane, as described above, when the defendant knew or should have known that said conditions existed;

h.    failing to use ordinary care to service and/or maintain the subject Crane, in a reasonably safe condition and in a condition free from the presence of an unsafe condition;

i.    failing to use ordinary care to properly inspect the subject crane, premises and/or railroad facility, to ensure that same was in reasonably safe condition;

j.    failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject Crane, premises and/or railroad facility;

k.    failing to use ordinary care to furnish plaintiff with a reasonably safe

place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

l.    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly maintain the aforesaid Crane, premises and/or railroad facility, in proper condition;

m.    failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the subject crane, premises and/or railroad facility, including but not limited to the presence of inadequate seating within the aforesaid crane at issue;

n.    failing to provide adequate space for plaintiff to work due to the presence of a dangerous condition;

o.    failing to warn plaintiff and/or other similarly situated persons that the subject crane was improper, defective and/or otherwise dangerous;

p.    failing to warn plaintiff and/or other similarly situated persons that seating within the subject crane was inadequate, improper, defective and/or otherwise dangerous;

q.    failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of a

dangerous working and/or conditions which posed an unreasonable risk of harm to plaintiff;

 r. failing to remedy and/or correct the defective, dangerous, and/or hazardous conditions, as described above, when defendant knew or should have known that said conditions existed;

 s. failing to use ordinary care to service and/or maintain the subject crane in a reasonable safe condition, and/or a condition free from the presence of inadequate improper, defective and/or otherwise dangerous seating;

 t. failing to use ordinary care to properly inspect the subject Crane, premises and/or railroad facility to ensure that same were in a reasonable safe condition, and/or a condition free from the prospect that crane movement would cause severe personal injuries to those aboard the crane;

 u. failing to provide Plaintiff with a reasonably safe place to work.

 9. As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of Defendant, more fully described above, Plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, Plaintiff suffered injuries to his lower back, by reason of which he has suffered great physical pain and mental distress

which he yet suffers and will continue to suffer into the future.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

11. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of Defendant, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

12. The injuries sustained by Plaintiff were caused solely and proximately by the negligence of Defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands judgment in his favor and against Defendant, AMTRAK, in the sum of two million dollars ($2,000,000.00), together with costs, interest and any further and additional relief that this Honorable Court deems just and proper.

Respectfully submitted,

/s/Lawrence M. Mann
Lawrence M. Mann
D.C. Bar No. 43703
ALPER & MANN, PC
9205 Redwood Avenue
Bethesda, MD 20817
Phone: (202) 298-9191
Email: lm.mann@verizon.net
Attorney for Plaintiff

/s/ Samuel J. Rosenthal
Samuel J. Rosenthal
PA Bar No. 50081
BARISH ROSENTHAL
1845 Walnut Street, Suite 2350
Philadelphia, PA 19103
Phone: (215) 923-8900
Email: ssrosen2@gmail.com